## HARRIS v. LATTIMORE.
### No. 12556.

Court of Civil Appeals of Texas. Fort Worth.
Nov. 7, 1931.

Rehearing Denied Dec. 5, 1931.

tain plumbing work on the premises described as 1026 and 1028 Hemphill street, Fort Worth, and to furnish all materials and labor necessary therefor, and in consideration of which the defendant bound himself to pay plaintiff "an agreed price of approximately $3000.00." It was further alleged that plaintiff performed his contract. The petition contains this further allegation: "Plaintiff has received payments upon the said indebtedness so that at this time there is yet remaining due and unpaid the sum of $800.00." The petition then concluded with the further allegation of defendant's failure and refusal to pay the balance due.

In his answer, defendant presented a general demurrer to plaintiff's petition; also a special exception seeking to require plaintiff to specify the amount and kind of payments made by defendant, which were admitted as credits in his favor. In addition thereto, defendant pleaded a general denial and also a cross-action against plaintiff, in which a claim of damages was asserted, resulting from alleged improper construction of the plumbing, which caused injury to the building in which the same was installed. The general demurrer and special exception were overruled, and defendant excepted to those rulings.

The case was tried before a jury, who returned a verdict on one issue only, the effect of which finding was that the plaintiff had not constructed the plumbing in a negligent manner, as alleged in defendant's cross-action.

After the verdict was returned, judgment was rendered as follows:

"And the court having approved the findings of the jury and there being no exceptions to the court's charge all issues submitted to the jury and all other issues in the case having been waived by the respective parties; the court is of the opinion that the plaintiff should recover, and there being no dispute as to the amount of the plaintiff's claim against the defendant, which amount is in the sum of $832.84.

C. A. Wright, of Fort Worth, for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

DUNKLIN, J.

M. B. Harris, defendant in the trial court, has appealed from a judgment in favor of W. B. Lattimore, plaintiff, for the sum of $832.84, with interest from date of judgment at the rate of 6 per cent. per annum, and denying the defendant a recovery on his cross-action over against plaintiff.

Plaintiff's suit was for work and labor performed for the defendant, and upon allegations in the petition, in substance, that during the latter part of 1927 plaintiff and defendant entered into a contract, by the term of which plaintiff bound himself to do cer-

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, W. B. Lattimore, do have and recover over and against the defendant, M. B. Harris, the sum of $832.84, with interest from this date at the rate of six per cent per annum, and that the defendant take nothing by reason of his cross action over and against the plaintiff, W. B. Lattimore."

In support of his suit, plaintiff testified as follows:

"My name is W. B. Lattimore. I am in the plumbing and heating business at 45 Jennings Avenue, Fort Worth, Tarrant County, Texas.

"I am acquainted with M. B. Harris. I have had business transactions with him. He called me and I went out to 1026 Hemphill where he was getting ready to build some stores to talk to him about the plumbing. He showed me the plan and I agreed to do the plumbing for him for time and material plus all labor plus 20 per cent. profit, and he agreed to it. He said to go ahead with the work, all of which I did. I paid for the labor and furnished the plumbing. I saw it daily as it went along. I paid off the workmen and I paid for the plumbing material that went in there.

"My bill including the labor that I paid off and the materials which I furnished plus 20 per cent. over and above costs was approximately $3,188.53."

That testimony, together with two letters written by defendant to plaintiff after the work was finished, requesting the indulgence of further time with which to pay plaintiff for the work, but not disputing liability therefor, were introduced in evidence over defendant's objection, and error has been assigned to those rulings. The ground of those objections was that the evidence had no proper basis in plaintiff's pleadings, in that it was there alleged that the labor and material was to be furnished by plaintiff "at an agreed price of approximately $3,000.00," and therefore there was a fatal variance between the pleadings and proof; and that variance is urged here also as fundamental error.

Many authorities are cited which announce the familiar rule that the pleading and proof must correspond, such as Smoot & Smoot v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 578; Tulsa Pipe & Supply Co. v. Emmell (Tex. Civ. App.) 10 S.W.(2d) 143; 14 Corpus Juris, 804; 13 Corpus Juris, 723.

No special exception was addressed to plaintiff's petition seeking a more specific allegation as to the price to be paid for the labor and material to be furnished by the plaintiff, in other words, that the allegations that the work was done for "an agreed price of approximately $3,000.00" was too indefinite and uncertain to constitute a contract binding and enforceable under the law, nor do we believe that the general demurrer was sufficient to present that contention; nor did the defendant, during the trial of the case, claim surprise at the testimony offered to support plaintiff's pleadings shown above. The gist of appellant's contention is that there could be no agreed price to be paid in the absence of a definite sum agreed on. We are unable to concur in that view, as we know of no law which would forbid making a binding contract to pay approximately a stated sum of money. The question then to be determined would be whether or not, as an issue of fact, the sum proved upon the trial can be held to be approximately the stated sum embodied in the pleadings. The defendant did not raise that question by any special pleadings, or request its submission to the jury, and therefore he waived the right to complain here under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. Nor can we say that as a matter of law that question should be decided in favor of appellant's contention. Accordingly, all assignments of error involving the questions raised by assignments referred to above are overruled.

The testimony of plaintiff was to the effect that some of the bills were still outstanding, but that the same were charged to him. We do not believe that the judgment can be disturbed upon the theory that defendant may in the future be required to pay for some of the material used by plaintiff, since plaintiff testified positively and specifically and without contradiction that the bills for such material were charged to him, thus showing that they were purchased on his credit, and there is nothing to indicate any probability that the parties who sold such material can ever enforce any lien on the house by reason of the material so furnished. Indeed, the evidence tends strongly to show, if it does not conclusively do so, that the time has long since expired for the furnishers of such material to fix any such lien.

The testimony showed that the house numbers on the buildings on which plaintiff did the work were 1024 and 1026 instead of 1026 and 1028, as alleged in plaintiff's petition. But we believe that that was an immaterial variance, since it is unquestioned that the work was done by plaintiff on houses owned by defendant, and in view of defendant's testimony as follows:

"I suppose the bill sent to me by Mr. Lattimore aggregating $3,188.53 contained in it an item of plumbing at 1024 Hemphill, $381.21. I haven't questioned the amount of the bill. There was some plumbing for something like that amount done at 1024."

Since the burden of proving payment of plaintiff's demand was upon the defendant, there could be no reversible error in the action of the court in overruling the special exception to plaintiff's petition, requiring a more definite specification as to time, place, and amount of credits admitted in that pleading. Nor did the defendant, during the trial, claim that he was misled to his injury for lack of a more definite allegation as to those credits. Article 2014, Rev. Civ. Statutes; Hutton v. Pederson (Tex. Civ. App.) 153 S. W. 176; Tinsley v. McIlhenny, 30 Tex. Civ. App. 352, 70 S. W. 793.

A cross-action was pleaded by defendant against the plaintiff for damages to the

building upon allegations that the plumbing was done in a negligent manner, and by reason thereof the building was injured. While the testimony offered by defendant tended strongly to support his cross-action for those damages, there was testimony to the contrary sufficient to support the finding of the jury, the effect of which was to deny any right of recovery on the cross-action, and therefore the assignment of error for insufficiency of proof to support that finding is overruled.

By another assignment, the contention is presented that, since the contract upon which plaintiff sought a recovery was not submitted to the jury, and since there was no finding of the jury thereon in plaintiff's favor, and since the record shows that plaintiff did not request the submission of the issue, he must be held to a waiver of his right to recover thereon, under the doctrine of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

It will be noted that in the judgment copied above there is a finding which we construe to mean that both parties to the suit had waived the submission to the jury of any other issue except that presenting the defendant's cross-action. And in defendant's motion for new trial that finding by the trial judge was not challenged as a ground for setting aside the judgment. Nor has appellant presented any assignment of error here other than those contained in the motion for new trial. It is a settled rule of practice in this state that fundamental error may be assigned in the appellate court for the first time without urging the same in the motion for new trial, but that when a case is tried before a jury the grounds urged in the motion for new trial, together with other assignments of error filed independently of the motion, will constitute the assignments of error. In Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, 595, the following was said in an opinion by Chief Justice Phillips:

"In cases where a motion for a new trial is required to be filed, errors complained of in the assignments of error which are required to be set forth in the motion for a new trial and are not there set forth, will be considered as waived under Rule 24."

We quote also the following from the syllabus in Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667:

"When cause is tried by jury, whether on general charge or special issues, all questions as to sufficiency of evidence to support verdict must be raised in motion for new trial in court below.

"Under Rev. St. art. 1612, as amended by Acts 1913, c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), appellant may present errors in motion for new trial, or by other assignments duly filed in trial court supplementing or even displacing grounds of such motion, whether in jury or nonjury case, tried either on special issues or under general charge, but no error, not fundamental, in matter not called to trial court's attention in course of trial or by motion for new trial is ground for reversal."

The question whether or not both parties to the suit did waive the submission to the jury of the issues upon which plaintiff sought a recovery was a question of fact, and although the parties did not file any instrument of writing indicating such waiver, still, the same may have been by oral statements to the court at the time of the trial, and we must indulge the presumption that the same was done. If the court's finding of such waiver was unsupported by any proof thereof, that fact should have been made one of the grounds in the defendant's motion for new trial, which the defendant failed to do. If the recital of such waiver was untrue, that fact could properly have been shown by bill of exception, and none such appears in the record. And in this connection it is to be noted, as shown above, that the defendant testified upon the trial that he had not questioned the amount of the bill presented to him by the plaintiff, aggregating the sum of $3,188.53, which was the full amount of plaintiff's demand less the credits which were established. Accordingly, the assignment of error now under discussion presents no reversible error.

For the reasons stated, all assignments of error are overruled, and the judgment of the trial court is affirmed.

BUCK, J., disqualified and not sitting.