**Tom NORTON, Appellant,**

v.

**MENARD LUMBER COMPANY, Appellee.**

No. 15358.

Court of Civil Appeals of Texas, San Antonio.

May 21, 1975.

Wm. Keaton Blackburn, Junction, for appellant.

Sam McCollum, III, B. D. Geeslin, Brady, for appellee.

CADENA, Justice.

Plaintiff, Menard Lumber Co., Inc., filed this suit, in the form of a claim upon a verified account, to recover $9,509.78 for "goods, wares, merchandise and labor" furnished by plaintiff to defendant, Tom Norton, in connection with the construction by plaintiff of improvements to a camp house on the Allison Ranch in Menard County which defendant was occupying under a five-year hunting lease. Defendant appeals from a judgment rendered against him in the sum of $9,509.78, the full amount sued for by plaintiff.[1]

In his answer, defendant alleged that he and plaintiff entered into a written contract on April 19, 1973, according to which plaintiff agreed to construct the improvements for the sum of $4,900.00, and that thereafter the parties entered into an oral contract for additional improvements to the camp house for an additional sum of $1,005.87, making a total contract price of $5,905.87. In addition, defendant denied that certain specified portions of the account, totalling $702.72, were just and true, since the enumerated items were not in fact furnished by plaintiff to defendant. Defendant admitted that he was indebted to plaintiff in the sum of $5,203.15, representing the alleged total contract price of $5,905.87 reduced by $702.72, the value of the items which, according to defendant, were not in fact furnished by plaintiff.

All relevant dealings took place between defendant and Clyde Rabun, president of defendant corporation. Prior to April 19, 1973, defendant and Rabun visited the camp house on the Allison Ranch and a general discussion was held relating to the improvements desired by defendant. On April 19, 1973, Rabun wrote a letter to defendant and enclosed a sketch "covering the desired improvements" and a list of the various materials which would be required. The letter stated that the "approximate

cost" of the improvements "will run between $4,400.00 to $4,900.00." It is undisputed that defendant authorized plaintiff to proceed with the work. After plaintiff had begun work on the camp house, defendant, sometime in June, 1973, visited the site, at which time he authorized additional work requiring extra materials, totalling $1,005.87.

The findings of fact made by the trial court recite, among other things, that plaintiff's letter of April 19, which contained the estimate that the cost of the improvements would be between $4,400.00 and $4,900.00, and the accompanying sketch of the work proposed to be done, "did not include sufficient detail and specifications to bind the plaintiff to perform the contemplated work in any particular manner or to use any particular grade of material in the work." One of the conclusions of law recited that the parties made "a binding contract for the plaintiff to do work for the defendant," but that "the terms of the contract were not sufficiently specified between the parties to bind the plaintiff to do such work for the amount estimated by plaintiff before the work commenced." It is clear that the judgment in favor of plaintiff was based on the theory that defendant authorized plaintiff to do the work, with no price being agreed upon, and that the amount awarded to plaintiff is based on the fact that the items listed in the account attached to plaintiff's petition were furnished defendant by plaintiff and were reasonably worth the amounts charged by plaintiff for such items.

Defendant here contends that the trial court erred, as a matter of law, in holding that "there was not a definite fixed price contract . . ." between plaintiff and defendant.

Plaintiff relies on the general rule to the effect that when the parties have not agreed on a specific price, a contract call-

---

1. Plaintiff's prayer for recovery of an additional $2,000.00 as attorney's fees was denied, but plaintiff does not here complain of such denial.

ing for the transfer of goods or rendition of services is not enforceable. 17 C.J.S. Contracts Section 36(2)c, p. 658 (1963). Therefore, plaintiff contends the trial court correctly decided the case on the theory that since defendant authorized plaintiff to do the work and the evidence establishes that there was no agreement concerning the specific price to be paid by defendant, defendant became bound to pay the reasonable value of the materials and labor furnished by plaintiff.

We have no quarrel with the general rule on which plaintiff relies. However, the facts of this case conclusively establish an agreement by plaintiff to do the work for an "approximate cost . . . between $4,400.00 to $4,900.00."

█ It is well settled that there may be an agreed price for work and labor to be performed without an agreement on a specific sum. Thus, an agreement to render a performance at a price that shall not exceed a specified amount is valid as an agreement to render the performance at the stated maximum. 1 Corbin, Contracts, Section 97, p. 431 (1963); Anno.: 2 A.L.R.3d 701, 706–07 (1965). There is no rule which prohibits the fixing of a minimum and maximum price. Paul Blackwell Co. v. Dallas Transfer & Terminal Warehouse Co., 252 S.W.2d 501, 503–04 (Tex.Civ.App.—El Paso 1952, writ ref'd n. r. e.). Where the offer is stated in terms of a maximum and minimum price, the acceptance of the offer results in the formation of a contract which fixes the price at the stated maximum. As pointed out in *Blackwell*, this is true even in the face of a finding that the figures quoted in the offer were intended only as an estimate which was "only a rough or approximate calculation" and the offerer intended that the charges for the performance "might be more or less." It is clear that here, as in *Blackwell*, plaintiff's purpose in writing the letter dated April 19 to defendant was to obtain a contract for the construction of the improvements.

The *Blackwell* opinion further supports the conclusion that the fact that the "extent of the services" to be rendered by plaintiff was uncertain is irrelevant.

█ A contract in which the price is stated in terms of "approximately" a stated figure is not so indefinite and uncertain as to preclude enforcement. Harris v. Lattimore, 44 S.W.2d 1037 (Tex.Civ.App.—Fort Worth 1931, writ dism'd). Under the rules announced in *Blackwell* and *Harris*, the evidence in this case establishes an agreement by plaintiff to do the work for "approximately" $4,900.00, the maximum price quoted in plaintiff's letter of April 19.

In a letter written to defendant, plaintiff acknowledges that the variance between the estimate contained in the April 19 letter and the sum for which plaintiff eventually billed defendant is not within "the realm of reason." In this same letter plaintiff concedes that when defendant authorized the doing of additional work in June defendant was acting on the assumption that the estimate furnished by plaintiff "was valid." Plaintiff's only explanation for the discrepancy between the estimated price and the amount which he now seeks to recover was that "this job went to hell so far as estimations are concerned."

It must be concluded that plaintiff agreed to do the work for "approximately" $4,900.00. Even if allowances are made for the additional work authorized by defendant, on the assumption that plaintiff's estimate was valid, it must be concluded that, as a matter of law, the sum which plaintiff seeks to recover cannot be considered as being "approximately" $4,900.00 plus the additional work authorized by defendant.

█ Clearly, an offer to perform work for "approximately" a stated figure, contemplates the possibility of a reasonable variance between the stated figure and the final cost. The evidence in this case furnishes no basis for determining what

would be a reasonable variance between the quoted approximate price and the final cost. Under these circumstances, we are convinced that the interests of justice require that, instead of reducing the judgment in favor of plaintiff to the sum of $5,905.87, the sum which defendant concedes that he owes, the cause should be remanded for a new trial on the theory that the parties agreed to a price of "approximately" $4,900.00 plus the additional work authorized by defendant.