DREAD DAWSON, ADM'R, V. WILLIAM D. MILLER'S ADM'R AND ANOTHER.

The remedy given by the statute, (Hart. Dig. Art. 1175,) which provides that when a bidder at a probate sale shall fail to comply with the terms of sale, the property shall be re-advertised and sold, and the first bidder be chargeable with any deficiency on the second sale, and five per cent. on his own bid, is merely cumulative, and not intended to take away the common law remedy, or the remedy by suit to compel specific performance of the contract.

The statute of frauds applies to administrators' sales, and the auctioneer is regarded as the agent of both vendor and vendee, with authority to sign for them, equally in sales of real and personal property.

It is not necessary in a suit for the purchase money by the vendor of real pro-

perty, to allege that the contract of sale was in writing; it is matter of proof upon the trial.

Appeal from Robertson. Tried below before the Hon. Henry J. Jewett.

Suit commenced August 5th, 1854, by Dread Dawson, administrator of Elizabeth Sessom, against William D. Miller, for that plaintiff, as administrator as aforesaid, on the first day of November, 1853, by order of the County Court, had sold at public auction, on a credit of twelve months, a certain tract of land, of which defendant and one S. A. Johnson became the purchasers, at the price of $1118, but had failed to comply with the conditions of the sale although plaintiff had tendered them a deed, which was filed. Affidavit for attachment.

Writs of garnishment were issued, and on the answers of the garnishees, provisional judgments were rendered against them, to await the result of the suit. Afterwards, on proper affidavit, Miller was cited by publication. At Spring Term, 1855, Miller's death was suggested and his administrator made a party. To Fall Term, 1855, plaintiff filed a supplemental petition, making Johnson a party defendant, with proper allegations and prayer. At Fall Term, 1855, Samuel Evans, administrator of Miller, answered by general demurrer and general denial; and moved that the attachment be quashed on the following grounds:—

1st. Because there is no other affidavit than that attached to the petition, and that is inconsistent with itself, and said different parts contradict each other.

2d. The affidavit is not sufficient, because it does not state the facts; nor does it state anything necessary to be stated, but merely that the facts are in substance true.

4th. There is no sufficient bond.

5th. That all the proceedings, including the petition, the affidavit, the bond and writs of the Clerk, and levy and return of the Sheriff, are not such as the law requires.

At Spring Term, 1856, the motion to quash the attachment was sustained, and a judgment by default rendered against Johnson. At Fall Term, 1856, the judgment by default against Johnson was set aside by consent, and he answered by a general demurrer and general denial. Same Term, exceptions sustained and suit dismissed.

Dawson v. Miller.

*Barziza*, for appellant.

*Lewis & Davis*, for appellee.   I.  The attachment was quashed on the motion of the representative of Miller, but on what ground we are left in total ignorance by the record.

When the District Court determines a matter this Court will not presume the ruling to be wrong, unless the record is so brought up as to show that it was so; by this rule can you say the quashing the attachment was erroneous?

II.  The statute has provided a remedy against purchasers at an administrator's sale who refuse to comply; (Hart. Dig. Art. 1175;) and it is submitted whether this is not the only remedy? Refer to the statute of frauds. (Art. 1452, Hart. Dig.)

III.  There is no allegation that there was an order and sufficient confirmation of sale by the administrator, nor does the record show that the sale was a legal one.

It is true we have appended to the transcript what purports to be the petition for sale, the order of sale, and its confirmation, but how came they in the record?

WHEELER, J.  It is not perceived on what ground the Court quashed the attachment.  None is suggested in argument, and the causes assigned in the motion to quash appear not to have been well taken.   The judgment in that regard must therefore be deemed erroneous.

In support of the judgment dismissing the petition two grounds are suggested; 1st.  That the statute gives another remedy; 2d. That the contract was void under the statute of frauds.

In respect to the first ground it will suffice to say, that we regard the remedy given by the statute (Hart. Dig. Art. 1175) as merely cumulative, and not as intended to take away the Common Law remedy, or the remedy by suit to compel specific performance of the contract.

In respect to the remaining ground suggested, it is to be observed that the petition alleges a contract of sale and purchase; and whatever doubts may have been formerly entertained, it is now well settled that sales by auctioneers, Sheriffs and Masters in Chancery, (and the doctrine applies equally to administrators' sales) are within the provisions of the statute of frauds, and that the auctioneer may be regarded as the agent of both vendor and purchaser, with authority to sign for them equally in sales of real

and personal property. (2 Parsons on Con. 292 n. (*e*;) 2 Kent Com. 539, 540 ; Brock v. Jones, 8 Tex. R. 78.) It is not averred that the contract of sale was in writing; but it has been held that this averment is not necessary. (5 Tex. R. 512.) That will be matter of proof upon the trial. It was sufficient to allege a contract. If the plaintiff shall fail to prove, upon the trial, that it was in writing, he must fail in his action. (Brock v. Jones, 8 Tex. R. 78.) But the failure to aver that it was in writing was not a ground for sustaining the demurrer. The judgment is reversed and the cause remanded.

Reversed and remanded.