**Mary Ellen PENWELL, Independent Executrix of the Estate of Harry S. Field, Jr., Deceased, Appellant,**

v.

**Jon BARRETT and wife, Brandii Denise Barrett, Appellees.**

No. 04–86–00175–CV.

Court of Appeals of Texas, San Antonio.

Jan. 28, 1987.

Eugene M. Masica, Somerset, for appellant.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This case involves a suit and cross-claim on an alleged oral contract for sale of real property as an exception to the statute of frauds. Trial was before a jury, and a verdict was rendered against appellant, Mary Ellen Penwell, independent executrix of the estate of Harry S. Field, Jr., deceased.

The property in dispute belonged to the estate of Harry S. Field, Jr., who died as a result of an unsolved homicide. His residence was largely destroyed as a result of arson; however, some of his papers and records were recovered. No records were found pertaining to the sale of the disputed real property.

At the time of the decedent's death, appellees Jon and Brandii Denise Barrett were residing in an adjacent dwelling located approximately 100 yards from decedent's residence. Appellees had resided there since 1977 and had been paying $100.00 per month to decedent since they had commenced living there.

Appellee Brandii Barrett testified that she and her husband left Dallas and moved to San Antonio at the urging of the decedent, her father, and spent two to three months fixing up the house on the property in question before moving into it. She also testified to the following: that they had agreed with decedent that they would pay rent for at least six months before deciding to buy the property on which the house was situated; that in November of 1980 they had agreed to buy the property, applying the rental payments already made toward the purchase; that they agreed that the purchase price was to be the appraised value of the property; that payments were to be $100.00 per month; that the parties paced off the land which was being sold; and that a survey of the land was made after decedent's death which determined the amount of land sold to be 2.981 acres.

The decedent died leaving a last will and testament, executed as a joint will with his former spouse, Margie Nell Field, with provisions for an alternate independent executrix and alternate beneficiaries. Because of an apparent disinheritance of three of decedent's children and some ambiguity and contradictory language contained in the will under its alternate beneficiary provisions, a request for a declaratory judgment was made and construction of decedent's will was obtained from the probate court. As a result, all six of decedent's children were determined to be entitled to an equal share in the estate.

It was determined that the estate was liable for federal estate taxes and Texas inheritance taxes totalling $143,636.00 Despite the sale of the bulk of decedent's personal property and a parcel of his real property in Aransas County, Texas, there were insufficient funds available to the Executrix to pay these taxes. In February 1985, a sale was negotiated of 197 acres which included the property on which appellees reside. After notification by the Executrix that the property was to be sold, appellees filed suit claiming the existence of an oral contract for sale of the 2.981 acres on which they reside.

It is well settled Texas law that an oral contract for the sale of land may be removed from the statute of frauds, TEX. REV.CIV.STAT.ANN. art. 1288 (Vernon 1980), when it has been so far performed by the promisee that application of the statute would defeat its true purpose. The leading case of *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921), establishes the three elements required for exemption from the statute: (1) payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor, or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Each of these elements is indispensable.

Whether appellees were purchasers of the disputed property under an oral contract of sale or conveyance or were mere tenants is a fact question for determination by the jury. *Arredondo v. Mora*, 340

S.W.2d 322, 324 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). Special issues were submitted to the jury inquiring as to the existence of an oral agreement and each of the three elements required for exemption from operation of the statute of frauds. The jury answered each special issue affirmatively, in favor of the appellees. Appellant now brings eight points of error complaining of proceedings in the lower court.

In her first two points of error, appellant complains that the trial court erred in overruling her motion to disregard the jury's answers to Special Issues Nos. 2 and 6, concerning payment of consideration and agreement on a purchase price. She argues that there was no evidence to show payment of consideration by appellees or that appellees agreed to any purchase price in regard to the property.

■ In deciding a "no evidence" point we must view the evidence in the light most favorable to the jury findings, considering only the evidence and inferences which support them, and rejecting the evidence and inferences contrary to the findings. *Stout v. Clayton*, 674 S.W.2d 821, 824 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). If there is more than a scintilla of probative evidence in the record which supports the jury's answers here complained of, the court may not disregard the jury's findings and the points must be overruled. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

■ The record reveals that probative evidence was introduced to show both existence of an agreed purchase price and payment of consideration. The appellees and decedent agreed that the purchase price would be that value given the property by an appraiser. Based on evidence of the appraisal performed after decedent's death, the jury found in Special Issue No. 6 that the agreed purchase price was $27,-500.00. Texas law does not require that a specific dollar figure be agreed to in order for a contract to be enforceable. *Norton v. Menard Lumber Co.*, 523 S.W.2d 791, 793 (Tex.Civ.App.—San Antonio 1975, no writ).

When an agreement provides a standard to be applied in determining price, the contract is sufficiently definite to be enforceable. *Aycock v. Vantage Management Co.*, 554 S.W.2d 235, 236 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). When the parties to an agreement specify that a third person is to fix the price, the contract is not unenforceable for lack of definiteness. 1 A. Corbin, *Contracts*, § 98 (1963).

The record also contains evidence to support the jury finding that appellees paid consideration for the property. Brandii Barrett testified that payments of $100.00 per month had been made since October 1977, and that all payments made were to be applied to the purchase price according to the oral agreement between decedent and appellees. Although all of the payments were made by check and labelled "rent," appellees' testimony that this was done to keep decedent's other children from knowing of the sale further supports the jury finding.

■ It is not required that payment be made in full before an oral contract may be taken out of the statute of frauds. *Cheatwood v. De los Santos*, 561 S.W.2d 273, 277 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *Walker v. Walker*, 448 S.W.2d 171, 173 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.).

■ Viewing the evidence in the light most favorable to the jury findings, we cannot conclude that there is no evidence to support them. Points of error one and two are overruled.

■ In points of error three through five, appellant argues that there was insufficient evidence to demonstrate payment of consideration, an agreed purchase price, and a valid description of the property which was subject to the alleged agreement. When considering a factual insufficiency point, we can set aside the verdict of the trial court only if we find, upon review of the record as a whole, that the verdict rendered was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford*

*Motor Co.*, 715 S.W.2d 629, 634–35 (Tex. 1986).

Appellant argues that the oral agreement must itself be determinable with reasonable certainty, citing *Mainland Savings Association v. Hoffbrau Steakhouse*, 659 S.W.2d 101 (Tex.App.—Houston [14th Dist.] 1983, no writ). She contends that the oral agreement here fails to meet this requirement because it contains no terms of sale, either as to purchase price, interest, or term of the note.

 We first note that appellant's reliance on *Mainland Savings* is misplaced. That case involved an insufficient property description in a written contract which clearly fell within the statute of frauds, not an oral contract as in the case at bar. We also note that neither term nor interest rate are required to find existence of a contract, written or oral. *See Smith v. Nash*, 571 S.W.2d 372, 375 (Tex.Civ.App.—Texarkana 1978, no writ); *Cox v. Davison*, 397 S.W.2d 200, 201 (Tex.1965).

As to purchase price, the evidence of determination of price by appraisal, discussed above under appellant's no evidence points, is not outweighed by other evidence in the record showing that no such payment agreement was ever made.

The sole question as to payment of consideration is whether the checks were rental or purchase price payments. The following evidence was presented. Appellant testified that on the night of Mr. Field's death, Brandii Barrett told her that they had planned to buy the property and "never got around to having it surveyed and going through with it" and that she had her rent check made. Another heir, Robert Field, testified that the decedent had specifically indicated that appellees were renting for $100.00 per month and that the decedent wanted them off of the property. Evidence to the contrary was provided not only by appellees' testimony, but also by the testimony of two disinterested third parties. Iver Jones testified that the decedent Field had acknowledged that he had sold the property to appellees. Virginia Jones testified that on the night of Field's death she was present during a conversation between appellant and Brandii Barrett in which appellant reassured Brandii that she knew of the agreement between the decedent and appellees to buy the property.

 After consideration of the foregoing evidence, we find that the jury's finding of payment of consideration is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Nor do we find error due to insufficient evidence of a valid description of the property subject to the oral agreement. Appellees both testified that the decedent and appellee Jon Barrett walked off the acreage in question, the boundary of which was marked by already existing landmarks. This is sufficient to show that there was a specific piece of property identified at the time the oral contract was made. Points of error three through five are overruled.

Appellant complains in point of error six that the trial court erred in not allowing her to elicit testimony and evidence regarding the credibility of appellee Jon Barrett. Appellant asserts that since the only evidence of the existence of the threshold requirement of an oral agreement to convey consists of testimony by appellees, any evidence by other parties establishing the truth of appellees' testimony and their general reputation for truth and veracity was properly admissible.

 The trial court excluded testimony by James Koch, Jon Barrett's former business partner, concerning unspecified falsehoods by Jon Barrett and friction among family members of the decedent. This evidence was properly excluded.

Rule 608(b) of the Texas Rules of Evidence prohibits use of specific instances of non-criminal conduct to impeach a witness's credibility in a civil trial. TEX.R.EVID. 608(b). Nor may statements made by a witness pertaining to collateral matters be used to impeach him. *Christie v. Brewer*, 374 S.W.2d 908, 913–14 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.); *Chagas v. West Brothers, Inc.*, 589 S.W.2d 185, 186 (Tex.Civ.App.—Fort Worth 1979, no writ). Moreover, the evidence concerning friction

among family members was vague and, for the most part, not based on first-hand knowledge of the witness and therefore was properly excluded under Rule 602. *See* TEX.R.EVID. 602.

■ The trial court also excluded evidence of the specifics of a lawsuit pending between Jon Barrett and James Koch concerning the dissolution of their business. The fact that the business relationship broke up under less than amicable circumstances was properly admitted to show that Koch could be biased against Barrett. *See* TEX.R.EVID. 612(b). Appellees argue that under Rule 612(b), if a witness admits the circumstances showing bias or interest, further extrinsic evidence of same is not admissible. While the rule requires "unequivocal admission of bias or interest," rather than the admission of circumstances showing same, we still fail to discern the relevancy that the specifics of this extrinsic lawsuit had to any issue in the case before us. Moreover, the scope of examination for the purpose of showing bias on a collateral matter rests within the sound discretion of the trial judge, who must balance and protect the probative value of the proffered evidence against the potential risks its admission will entail. *Howell v. American Live Stock Insurance Co.*, 483 F.2d 1354, 1357 (5th Cir.1973); *Barrios v. Davis*, 415 S.W.2d 714, 716 (Tex.Civ.App.—Houston 1967, no writ). The testimony excluded is irrelevant and immaterial to any issue in this case and would shed no light on any material issues here involved. The exclusion by the trial court of the specifics of the pending lawsuit was proper. Point of error six is overruled.

■ We also note that appellant failed to include in a bill of exceptions what the testimony would have been had terms of the lawsuit been admitted into evidence. Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy; and where an appellant excepts to a court's exclusion of testimony, but does not develop by bill of exceptions what the witness's answer and testimony would have been, no error on the part of the trial court has been demonstrated. *Swinney v. Winters*, 532 S.W.2d 396, 402 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

Appellant complains in her seventh point of error that the trial court erred in its charge to the jury in failing to set forth the law concerning the statute of frauds and the specific requirement to be met for exception to the statute. Appellant submitted proposed special issues to the court, but we fail to find in the record before us any written request for an instruction concerning the statute of frauds and requirements to be met for exception thereto.

■ Under Texas Rules of Civil Procedure, a trial court's failure to submit particular instructions is not reversible error unless the party complaining of reversible error has tendered to the court a written request for such instructions in substantially correct form. TEX.R.CIV.P. 279. Furthermore, appellant failed to specifically object to the charge and obtain a ruling on the objection. Failure to object and bring forward an express ruling in the record on objection to omission of an issue from the trial court's charge waives any alleged error in the charge. *Cogburn v. Harbour*, 657 S.W.2d 432, 432–33 (Tex. 1983), *overruled on other grounds, Accord v. General Motors Corp.*, 669 S.W.2d 111, 114 (Tex.1984); TEX.R.CIV.P. 274 and 272. The point is overruled.

Appellant's final point of error complains of the trial court's failure to include in the charge special issues concerning the terms of sale and whether appellees were tenants. As previously noted, appellant failed to object to the charge as given, therefore any error in the charge is waived. *Id.* Point of error eight is overruled.

The judgment of the trial court is affirmed.