**Jesse C. ELIZONDO, Appellant,**

v.

**Aida G. GOMEZ, individually and as personal representative of Leo Gomez, Appellee.**

No. 04–96–00327–CV.

Court of Appeals of Texas, San Antonio.

Aug. 29, 1997.

Rehearing Overruled Oct. 7, 1997.

Gary M. Poenisch, San Antonio, for Appellant.

Sharyll Soto Teneyuca, John Paul Johnson, Law Office of Lawrence L. Garcia, San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

This appeal resulted from appellant's suit raising causes of action under the Texas Deceptive Trade Practices Act, under the Real Estate Fraud Act, and for breach of contract. At trial, appellant sought damages and specific performance. Appellant sought to enforce an alleged oral agreement for the sale of real estate based on a "quasi-deed" and partial performance. The trial court found that the statute of frauds barred appellant's claims and ordered appellee to reimburse appellant for the amount of a down payment paid by appellant. In seven points of error, appellant contends that the trial court erred in ruling that the statute of frauds bars appellant's claims and that the trial court erred in failing to file findings of fact and conclusions of law. We reverse the judgment of the trial court, render in part and remand in part.

### FACTS

Appellee, Aida Gomez, holds the deed to property described as three adjacent lots with addresses of 1206 Crystal, 1105 Ferndale, and 1105.5 Ferndale. This property consists of a non-business residence, a retail store, and an adjacent rear apartment, respectively. Appellant, Jesse Elizondo, contends that appellee orally agreed to sell the property for seventy-nine thousand dollars with a five thousand dollar down payment. In support of the oral contract, appellant offered a receipt for the alleged five thousand dollar down payment. The receipt, written on a restaurant "guest check" reads as follows:

I Jesse Elizondo have paid Mr. & Mrs. Leo Gomez $5000.00 for the Real Estate property located on 1105 Ferndale city of San Antonio, Tex.

The written note contained the alleged signature of Mrs. Leo Gomez.

Appellant never received a deed for the property. At the subsequent trial for specific performance, appellant argued that the "guest check" receipt constitutes a quasi-deed establishing his right to the property as a matter of law. The trial court found the oral contract unenforceable and denied appellant's claims because the oral agreement violates the statute of frauds. However, the trial court ordered appellee to refund the amount of the alleged down payment to appellant.

### STATUTE OF FRAUDS

In point of error one through six, appellant argues that the trial court erred in determining that the statute of frauds barred enforcement of appellant's alleged oral agreement for the sale of real estate. The statute of frauds reads in pertinent part that a contract for the sale of real estate "is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or

by someone lawfully authorized to sign for him." TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon's 1987). In addition, the writing must adequately describe the property, and the written description must give an amount of information to identify the property with reasonable certainty. *Jones v. Kelley,* 614 S.W.2d 95, 99 (Tex.1981); *Hebisen v. Nassau Development Co.,* 754 S.W.2d 345, 351 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Parol evidence may be used to explain or clarify the written agreement, but not to supply the essential terms. *Texas Builders v. Keller,* 928 S.W.2d 479, 481–82 (Tex.1996); *Morrow v. Shotwell,* 477 S.W.2d 538, 541 (Tex.1972).

Appellant argues that the "guest-check" receipt of an alleged five thousand dollar down payment satisfies the statute of frauds. We disagree. The property in question consists of three parcels of land. Even though the parcels are adjacent to one another, each lot has a separate address; 1105 Ferndale; 1105.5 Ferndale; and 1206 Crystal. The "guest-check" merely identifies the "property located at 1105 Ferndale." Even a most liberal interpretation of the writing, without more, falls short of properly identifying all three lots in question. Therefore, on this basis alone, the writing fails to satisfy the identification requirement of the statute of frauds. Furthermore, the writing fails to properly recite the purchase price of the property. Even if we give the writing full effect, it merely illustrates five thousand dollars of consideration as a down payment. The writing fails to state the full amount of consideration given for the property. Thus, we find the trial court properly found that the writing fails to satisfy the statute of frauds. However, the equitable doctrine of partial performance serves as an exception to the statute of frauds. *Leon Ltd. v. Albuquerque Commons Partnership,* 862 S.W.2d 693, 702 (Tex.App.—El Paso 1993, no writ); *Wiley v. Bertelsen,* 770 S.W.2d 878, 882 (Tex. App.—Texarkana 1989, no writ).

In Texas, we may remove an oral contract for the sale of real estate from the statute of frauds when the promisee performs the contract to such a degree that application of the statute would defeat its true purpose. *Penwell v. Barrett,* 724 S.W.2d 902, 904 (Tex.App.—San Antonio 1987, no writ). The leading case of *Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114, 1116 (1921), establishes the three elements required for exemption from the statute of frauds: (1) payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor, or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Each of the three elements is indispensable. *Penwell,* 724 S.W.2d at 904. The alleged oral agreement must unequivocally refer to the agreement and corroborate the fact that a contract actually was made. *Chevalier v. Lane's, Inc.,* 147 Tex. 106, 213 S.W.2d 530, 533–34 (1948). In essence, the performance must supply the key to what was promised. *Wiley,* 770 S.W.2d at 882.

In the case at bar, the record reveals that in December of 1994, both parties entered into an agreement for the sale of the land in question. The parties agreed to a purchase price of seventy-nine thousand dollars with a five thousand dollar down payment and monthly mortgage payments of seven hundred and ninety five dollars per month for fifteen years at ten percent interest. On December 24, 1994, appellee delivered the keys to the property to appellant and appellant took possession of all three lots.

In accordance with the terms of the oral agreement, appellant made the agreed monthly payments for April, May, and June. Appellee accepted each payment and made multiple promises to transfer a proper deed. Appellant ceased making the mortgage payments only after appellee interfered with appellant's enjoyment of the property. Appellee misrepresented to the tenants of the property that appellant did not have legal right to the property.

When one party fully performs a contract, the statute of frauds is unavailable to the other who knowingly accepts the benefits and partly performs. *Enochs v. Brown,* 872 S.W.2d 312, 319 (Tex.App.—Austin 1994, no writ); *Estate of Kaiser v. Gifford,* 692 S.W.2d

865

525, 526 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (oral installment agreement, payable in 300 monthly installments not barred by statute of frauds because deceased lender made full performance). We find that the facts of the present case fall within the equitable doctrine of partial performance making the oral contract enforceable. Therefore, we affirm appellant's points of error in that the trial court erred in denying appellant's claims based on the application of the statute of frauds.

### FINDINGS OF FACT

 In the seventh point of error, appellant contends that the trial court erred by failing to file conclusions of law and findings of fact. Upon a request from either party, the trial judge must present and file written findings of fact and conclusions of law. *See* TEX.R. CIV. P. 297 (Vernon's Supp.1997). Without deciding whether appellant timely requested the findings of fact, we find the trial court did not err in failing to file the findings of fact or conclusions of law.

When findings of fact are not filed, the test for harm depends on the circumstances of the case and whether an appellant would have to guess the reasons for the trial judge's ruling. *Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.*, 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied). After hearing testimony and reviewing all the evidence, the trial judge held that the statute of frauds governed the alleged oral agreement and appellant's proposed writing failed to satisfy the statute of frauds. The court held that the quasi-deed did not spell out the purchase price and failed to adequately identify the property. The court then denied appellant's claims and ordered a refund of five thousand dollars for the alleged down payment. From the trial court's statements, the parties had notice of the reasons for the trial court's decision. Therefore, we find that even if appellant timely requested findings of fact, the trial court did not err because the parties had adequate notice of the reasons for the trial court's judgment. We overrule appellant's seventh point of error.

For the reasons recited herein, we reverse the judgment of the trial court, render judgment in favor of appellant, Jesse Elizondo,

and remand the case for the determination of damages in accordance with this opinion.