**Orville Ray MADDOX, Appellant,**

v.

**Jack COSPER, Appellee.**

**No. 10–99–162–CV.**

Court of Appeals of Texas, Waco.

July 26, 2000.

---

Steve Kazanas, West, for appellant.

Frank B. Murchison, Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Jack Cosper made the high bid at an auction for the purchase of three tracts of real property totaling 370 acres owned by Orville Ray Maddox. Cosper paid a fifteen percent earnest money deposit at the conclusion of the auction and was given a receipt. He later discovered that the house on the property did not have running water and demanded a refund of the earnest money. Maddox filed a declaratory judgment action to determine the rights of the parties to the money.

The parties filed competing motions for summary judgment. The court granted Cosper's motion and denied Maddox's. Maddox claims in two points that the court erred by: (1) granting Cosper's motion for summary judgment and denying his own; and (2) granting Cosper's attorney's fees.

## BACKGROUND

Maddox signed a "Personal Property Auction Contract" with Alvin Kaddatz of Kaddatz Auctioneering for Kaddatz to sell at public auction three adjoining tracts of land Maddox owns on the border of Navarro and Limestone Counties.[1] The three tracts combined contain 370 acres. Maddox listed only "Norwest" in Hubbard as a lien holder against the property. He contracted with Kaddatz to provide merchantable title to the property and deliver such title to the purchaser.

Kaddatz conducted the auction on January 10, 1998. At that time, a house, two metal buildings, and other improvements were located on the Maddox acreage. According to Cosper, Maddox's father Wilburn, who resided in the house, told him prior to bidding that water for the house was provided by "a good well down there that furnishe[d] all the water that [he] need[ed], and it never ha[d] gone dry." Sharon French of Waddell Abstract Company attended the auction to "handle the real estate transaction." French announced to prospective bidders that the successful bidder would be required to execute a real estate contract at the conclusion of the auction. She advised those present of delinquent taxes to which the property was then subject but did not mention any judgment liens against the property.

Cosper made a bid of $195,000 for the combined acreage, which was the high bid. Pursuant to the terms of the auction, Cosper tendered a check payable to Waddell Abstract Company for $29,250. French realized that she had failed to bring any contracts with her, so she gave Cosper a Kaddatz receipt reflecting the purchase by Cosper of "220 ac, 100 ac, 50 ac" for $195,000 and acknowledging Cosper's payment of an "earnest money deposit in the amount of $29,250.00."

Cosper subsequently visited the property and determined that the well had run dry. His counsel mailed Maddox a letter on February 18 requesting a refund of the

1. Maddox signed a second contract with Kaddatz for the auction of several items of personal property.

earnest money deposit because of the lack of water. The house located on the property was destroyed by fire at some point after Cosper's visit but prior to May 29.[2]

Maddox instituted his declaratory judgment suit on April 28 in Hill County. Waddell filed an interpleader action in Navarro County on May 29. The Hill County district court granted Cosper's motion to transfer venue on June 8 and ordered the transfer of Maddox's suit to Navarro County to be consolidated with the Waddell interpleader action. Kaddatz intervened in the lawsuit to assert his claim to six percent of the earnest money under the terms of his contract with Maddox.

Thereafter, Maddox filed a motion for summary judgment alleging that the receipt French gave Cosper constitutes a binding "memorandum of sale." Cosper filed his own summary judgment motion, asserting the following grounds for judgment:

- the earnest money receipt is not an enforceable contract because it does not contain a description of the property sufficient to satisfy the statute of frauds;
- the receipt is not an enforceable contract because it "does not describe the material conditions upon which the sale was made";
- he is entitled to terminate the agreement because Maddox failed to provide the disclosure notice required by section 5.008 of the Property Code for residential real estate sales;
- the agreement is unenforceable because the debt against the property exceeds the purchase price and Maddox cannot provide marketable title to the property; and
- he is entitled to a refund of the earnest money under the Uniform Vendor and Purchaser Risk Act because the house on the property was destroyed by fire through no fault of his own.

The court notified the parties by letter dated March 19, 1999 that it was granting Cosper's motion and denying Maddox's. In this letter, the court advised the parties that it was granting Cosper's motion because Maddox could not provide marketable title and because the house had been destroyed. The court signed a summary judgment on March 23 granting Cosper's motion and denying Maddox's. The judgment does not recite the basis for the court's ruling. The judgment awards Waddell and Cosper their attorney's fees and costs and severs Kaddatz's claim against Maddox.

■ Maddox filed a motion to set aside or modify the judgment on April 5. In this motion, Maddox challenged the court's award of attorney's fees to Cosper because the issue was "contested" and because the court made no mention of attorney's fees in its March 19 letter. The court heard Maddox's motion on April 22. The court signed a nunc pro tunc summary judgment on that same date modifying the judgment by including a directive to the district clerk to distribute the moneys deposited in the court's registry to Cosper and Waddell in accordance with the terms of the judgment. The nunc pro tunc judgment does not otherwise vary in substance from the original decree. Maddox filed his notice of appeal on May 28.[3]

**2.** Cosper mentions this fact in his Motion to Transfer and Original Answer which he filed in the Hill County lawsuit. Cosper filed this pleading with the district clerk on June 1, but the certificate of service reflects that he faxed and mailed copies to Maddox's counsel on May 29. The excerpts from Maddox's July 28 deposition testimony attached to Cosper's summary judgment motion confirm that the house was destroyed by fire, but the record contains no evidence of when the fire occurred.

**3.** Cosper contends that the notice of appeal is untimely because it was filed more than 30 days after the nunc pro tunc judgment was signed. However, he fails to account for Maddox's motion to modify the judgment. When such a motion is filed, an appellant has 90 days to file a notice o˜ appeal. *See* TEX

## STANDARD OF REVIEW

To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Prop. Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). We disregard all conflicts in the evidence and accept the evidence favoring the nonmovant as true. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965); *Kehler v. Eudaly*, 933 S.W.2d 321, 324 (Tex.App.—Fort Worth 1996, writ denied). We indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in its favor. *American Tobacco*, 951 S.W.2d at 425.

■ "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). We consider only those grounds "the movant actually presented to the trial court" in the motion. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). We do not consider grounds the non-movant failed to expressly present to the trial court in a written response. *McConnell*, 858 S.W.2d at 343; Tex.R. Civ. P. 166a(c). If the non-movant fails to respond to a summary judgment motion, "the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented

by the movant." *McConnell*, 858 S.W.2d at 343 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678).

■ When the parties have filed competing motions for summary judgment and one is granted while the other is denied, an appellate court may consider the propriety of the denial as well as the granting. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *McCreight v. City of Cleburne*, 940 S.W.2d 285, 287–88 (Tex. App.—Waco 1997, writ denied). If the pertinent facts are undisputed, the court can determine the issues presented as a matter of law. *McCreight*, 940 S.W.2d at 288. In this situation, the court will either affirm the judgment or reverse and render. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia*, 159 Tex. 58, 64, 316 S.W.2d 396, 400–01 (1958).[4]

## PROPRIETY OF SUMMARY JUDGMENT

■ Maddox argues in his first point that the court erred by granting Cosper's summary judgment motion and denying his own because the earnest money receipt constitutes a binding contract. Cosper asserted five grounds for summary judgment in his motion, and the court did not specify the basis for its ruling.[5] Accordingly, we will affirm the judgment if any of Cosper's grounds are meritorious. *Star–Telegram*, 915 S.W.2d at 473.

One of the grounds asserted by Cosper in his summary judgment motion is that

R.App. P. 26.1(a)(2). Under the facts of this case, "a motion [to modify the judgment], filed before a corrected judgment is [sign]ed, extends the time for filing the [notice of] appeal ... until ninety days after the date the corrected judgment is [sign]ed as long as the substance of the motion is such as could properly be raised with respect to the corrected judgment." *Clark v. McFerrin*, 760 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, writ denied); *accord Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 281 (Tex.1994); *Alford v. Whaley*, 794 S.W.2d 920, 922–23 (Tex.App.—Houston [1st Dist.] 1990, no writ).

4. When the parties' motions are premised differently, the court may also reverse and remand. *See Sosa v. Williams*, 936 S.W.2d 708, 711 & n. 1 (Tex.App.—Waco 1996, writ denied).

5. The court's pre-judgment letter does not constitute competent evidence of the basis for the court's ruling. *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex.1990); *Mondragon v. Austin*, 954 S.W.2d 191, 193 (Tex.App.—Austin 1997, pet. denied) (op. on reh'g).

the earnest money receipt is not an enforceable contract because it does not contain a description of the property sufficient to satisfy the statute of frauds. The parties do not dispute that the statute of frauds applies to the sale of real property at auction. *Dawson v. Miller's Adm'r,* 20 Tex. 171, 173 (1857); *Kirkman v. Amarillo Sav. Ass'n,* 483 S.W.2d 302, 307 (Tex.Civ. App.—Amarillo 1972, writ ref'd n.r.e.); *Lobit v. McClave,* 8 Tex.Civ.App. 531, 536, 28 S.W. 726, 728 (1894, writ ref'd); *see also Matthews v. AmWest Sav. Ass'n,* 825 S.W.2d 552, 553 (Tex.App.—Beaumont 1992, writ denied). Maddox contends on appeal (and in his summary judgment motion) that the statute of frauds was satisfied in this case when Cosper signed the earnest money receipt, which Maddox characterizes as a "memorandum of sale." He relies on the Supreme Court's decision in *Brock v. Jones* for this proposition.[6] 8 Tex. 78 (1852). While it is true that the Court in *Brock* affirmed that an auctioneer's signing of the buyer's name to a memorandum of sale is binding on the buyer, the Court also held that the memorandum must satisfy the statute of frauds. *Id.* at 79–80.

▇▇▇ To satisfy the statute of frauds, a real estate contract must provide a specific description of the property to be conveyed either within itself or by reference to other documents then in existence. *Jones v. Kelley,* 614 S.W.2d 95, 99 (Tex.1981); *Elizondo v. Gomez,* 957 S.W.2d 862, 864 (Tex. App.—San Antonio 1997, pet. denied). The receipt French gave Cosper describes the property as "220 ac, 100 ac, 50 ac." The receipt does not otherwise describe the property, nor does it refer to any other document containing a more specific description of the property. Accordingly, the receipt fails to satisfy the statute of frauds. *See Elizondo,* 957 S.W.2d at 864.

▇▇▇ Nevertheless, a party may be excused from complying with the statute of frauds if there has been partial performance. *Boyert v. Tauber,* 834 S.W.2d 60, 63 (Tex.1992); *Hooks v. Bridgewater,* 111 Tex. 122, 126–27, 229 S.W. 1114, 1116 (1921); *In re Marriage of Parker,* 997 S.W.2d 833, 837 (Tex.App.—Texarkana 1999, pet. denied); *Elizondo,* 957 S.W.2d at 864. To establish this exception to the statute of frauds, the seller must show: (1) payment of consideration; (2) possession of the property by the buyer; and (3) permanent and valuable improvements by the buyer with the consent of the seller or other facts demonstrating that the seller would be defrauded if the agreement were not enforced. *Id.* It is undisputed that Cosper has never taken possession of the property. Accordingly, this exception to the statute of frauds does not apply.

Because the auction receipt does not contain a description of the property sufficient to satisfy the statute of frauds and because Maddox is not otherwise excused from compliance with the statute, Cosper conclusively established his entitlement to judgment as a matter of law. *See Grinnell,* 951 S.W.2d at 425; *Nixon,* 690 S.W.2d at 548; *McCreight,* 940 S.W.2d at 288. Accordingly, we overrule Maddox's first point.

### ATTORNEY'S FEES

▇▇▇ Maddox contends in his second point that the court erred in awarding attorney's fees to Cosper because the parties had no contract. However, he fails to account for the fact that he instituted his lawsuit under the Uniform Declaratory Judgments Act, which invests the trial court with discretion to award just and equitable attorney's fees. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998); *Brush v. Reata Oil & Gas Corp.,* 984

---

6. Actually, Maddox cites Texas Jurisprudence 3d for this proposition. *See* 7 TEX. JUR.3D *Auctions and Auctioneers* § 7 & n. 23 (1997) (citing *Dawson v. Miller's Adm'r,* 20 Tex. 171 (1857)). However, *Dawson* does not stand for the proposition asserted. *See Dawson,* 20 Tex. at 173–74. Rather, the Supreme Court stated this rule in *Brock,* which is cited in *Dawson. See Brock,* 8 Tex. 78, 79 (1852) (cited in *Dawson,* 20 Tex. at 174).

S.W.2d 720, 729 (Tex.App.—Waco 1998, pet. denied); TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). Cosper requested attorney's fees in his counterclaim for declaratory relief and in his motion for summary judgment. He supported this request in his summary judgment motion with the affidavit of his counsel regarding reasonable and necessary attorney's fees.

Maddox does not challenge the amount of the attorney's fee award. *See Bocquet,* 972 S.W.2d at 21; *Brush,* 984 S.W.2d at 730 n. 8. He contests only the trial court's authority to award attorney's fees. Because the Uniform Declaratory Judgments Act authorized the court to award attorney's fees, we overrule Maddox's second point.

We affirm the judgment.