NO. 07-02-0121-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 1, 2002



______________________________




MARY LEE HUDSPETH GUNNELS, APPELLANT



V.



CITY OF BROWNFIELD, TEXAS, EARL ELROD,


INDIVIDUALLY AND IN HIS CAPACITY AS CITY


INSPECTOR, R.C. FLETCHER, INDIVIDUALLY


AND IN HIS CAPACITY AS CITY MANAGER,


APPELLEES




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 14,545; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS


 Appellant Mary Lee Hudspeth Gunnels filed a notice of appeal from a summary
judgment in favor of appellees City of Brownfield, Earl Elrod, individually and in his capacity
as City Inspector, and R.C. Fletcher, individually and in his capacity as City Manager. We
now have before us a motion to dismiss in which appellees assert appellant's notice of
appeal was not timely filed and we have no jurisdiction to consider her appeal. 
Disagreeing, we overrule the motion.

 No clerk's record has yet been filed in this matter. Thus, the only information before
us is that contained in appellees' motion with its attached documents. The documents
show that the trial court signed a summary judgment in favor of appellees on November
13, 2001. Appellant then filed a motion for new trial and, alternatively, a motion to modify
the terms of the summary judgment. Although the copy of the motion furnished to us is not
file stamped, the parties agree it was filed on December 13, 2001, a date within the 30
days prescribed by Rule of Civil Procedure 329b. See Tex. R. Civ. P. 329b(a) and (g). 
With respect to the modification sought, appellant requested the trial court add certain
language to comply with the court's letter announcing its decision. The language sought
was to the effect that in arriving at its decision, the trial court only ruled there were not
material fact issues and did not rely upon appellees' sovereign immunity claims in
connection with appellant's 42 U.S.C. § 1983 claims. 

 On January 22, 2002, the trial court signed an "Amended Order Granting Summary
Judgment" denying appellant's new trial motion, but amended its order to add the following
language:

 The Court finds that, without reliance upon Sovereign Immunity, there
remains no genuine issue of material fact in connection with Plaintiff's
claims, including 42 U.S.C. §1983 claims, and that summary judgment
should be granted; . . . .


In all other respects, the order remained the same as the one signed on November 13,
2001. Appellant filed the notice of appeal giving rise to the question before us on March
11, 2002.

 In seeking dismissal, appellees contend that when the trial court modified its final
judgment and entered its amended order on January 22, 2002, it restarted the appellate
timetable in accordance with Rule of Civil Procedure 329b(h). Thus, they reason, because
appellant did not file any other pleading within 30 days after January 22, 2002, extending
the appellate timetable, and did not file a notice of appeal or motion to extend the time for
that filing, she did not timely prefect an appeal. In response, appellant argues that the
second judgment did not substantially modify the first judgment and, because her motion
for new trial was not granted in accordance with Texas Rule of Appellate Procedure
26.1(a)(1), the appellate timetable was extended for 90 days after the signing of the
second judgment. 

 A timely filed notice of appeal is a prerequisite for jurisdiction of the appellate court. 
Bixby v. Bice, 992 S.W.2d 615, 616 (Tex.App.--Waco 1999, no pet.). A notice of appeal
in a civil case must be filed within 30 days after the judgment is signed unless a party
timely files a motion for new trial or a motion to modify the judgment, in which case the
notice of appeal must be filed within 90 days after the judgment is signed. Tex. R. App.
P. 26.1(a)(1) and (2).

 Rules 329b(g) and (h) of the Rules of Civil Procedure further provide:

 (g) A motion to modify, correct, or reform a judgment (as distinguished from
motion to correct the record of a judgment under Rule 316), if filed, shall be
filed and determined within the time prescribed by this rule for a motion for
new trial and shall extend the trial court's plenary power and the time for
perfecting an appeal in the same manner as a motion for new trial. Each
such motion shall be in writing and signed by the party or his attorney and
shall specify the respect in which the judgment should be modified,
corrected, or reformed. The overruling of such a motion shall not preclude
the filing of a motion for new trial, nor shall the overruling of a motion for new
trial preclude the filing of a motion to modify, correct, or reform.


 (h) If a judgment is modified, corrected or reformed in any respect, the time
for appeal shall run from the time the modified, corrected, or reformed
judgment is signed, but if a correction is made pursuant to Rule 316 after
expiration of the period of plenary power provided by this rule, no complaint
shall be heard on appeal that could have been presented in an appeal from
the original judgment.

 

 In Lane Bank Equipment Co. v. Smith Southern Equipment, Inc., 10 S.W.3d 308
(Tex. 2000), the court held that any change to a judgment made by the trial court while it
retains plenary jurisdiction, by virtue of Rule 329b(h), will restart the appellate timetable. 
Even so, only a motion seeking a substantive change will operate to extend the appellate
deadlines and the trial court's plenary power under Rule 329b(g). Id. at 313.

 In this instance, although appellant's motion was not one which merely sought to
correct a clerical error such as punctuation, grammar, or misspellings, neither did it seek
to alter the outcome of the judgment. Rather, its effect was to clarify the grounds upon
which the judgment was based. Nevertheless, since neither party has argued that because
it did not seek a substantive change, the motion failed to extend the appellate deadlines,
and that question is not before us.

 The gist of the parties' disagreement, as we understand it, is that appellees contend
that once the trial court executed its modification, the appellate time table started again
and, in order to preserve her right to appeal, appellant had 30 days within which to file her
notice of appeal or some other pleading which would extend the appellate deadline. On
the other hand, appellant argues that her prior motion for new trial had the effect of
extending the appellate deadline and she was still entitled to the 90-day period for filing her
notice of appeal.

 In Maddox v. Cosper, 25 S.W.3d 767 (Tex.App.--Waco 2000, no pet.), a motion to
modify or set aside a judgment was filed in which the movant challenged an award of
attorney fees in the judgment. On April 22, the trial court signed a nunc pro tunc summary
judgment which only modified its prior judgment by ordering the clerk to distribute monies
deposited in the registry of the court. A notice of appeal from the judgment was filed on
May 28. The appellee in that case challenged the timeliness of the May 28 notice of
appeal on the basis that it was not filed within 30 days from the date of the nunc pro tunc
judgment. In a footnote, the court overruled that challenge, observing that in instances in
which a motion to modify a judgment is filed before a corrected judgment is signed, it is
sufficient to extend the time for filing a notice of appeal for 90 days after the corrected
judgment is signed, "as long as the substance of the motion is such as could properly be
raised with respect to the corrected judgment." Id. at 770 n.3 (citing Clark v. McFerrin, 760
S.W.2d 822, 825 (Tex.App.--Corpus Christi 1988, writ denied)).

 Similarly, in Dunn v. City of Tyler, 848 S.W.2d 305 (Tex.App.--Eastland 1993, no
writ), the court held that a motion for new trial relating to an earlier judgment may be
considered as a premature motion, and thus be effective to extend the time for filing an
appeal bond (then necessary to perfect appeal) for 90 days after the date of a corrected
judgment when the substance of the motion was such as could properly be raised with
respect to the corrected judgment. Id. at 306. 

 In A.G. Solar & Co., Inc. v. Nordyke, 744 S.W.2d 646 (Tex.App.--Dallas 1988, no
writ), the court held that a motion for new trial that was overruled by operation of law prior
to the entry of the corrected judgment was not sufficient to extend the appellate timetable
because, if it had been overruled prior to the entry of a corrected judgment, "it can no
longer 'assail' a subsequent judgment under rule 306c of the Texas Rules of Civil
Procedure, and can no longer 'be properly applied' to that judgment . . . ." Id. at 647-48. 
In Harris Co. Hospital Dist. v. Estrada, 831 S.W.2d 876 (Tex.App.--Houston [1st Dist.] 1993,
no writ), the court disagreed with the Dallas court's conclusion that to "assail" a subsequent
corrected judgment, the motion for new trial must be a "live" pleading, and held that there
was no reason for the distinction between a "live" prematurely filed new trial motion and
one that had been overruled prior to the entry of a judgment. Id. at 879-80. (1) Although they
disagreed as to the viability of a new trial motion overruled prior to the entry of a corrected
judgment, the two courts both recognized the rule that if a motion for new trial is
prematurely filed, to be sufficient to extend the time required to perfect the appeal
(presently by filing a notice of appeal) for 90 days from the date the corrected judgment is
signed, the contents of the motion must be sufficient to "assail" the corrected judgment.

 The motion for new trial filed by appellant, in addition to seeking the clarification as
to the grounds for the rendition of summary judgment, also assailed the sufficiency of the
evidence to support the summary judgment. That being so, it was sufficient to extend the
time for the filing of a notice of appeal to 90 days from the date of the January 22, 2002
judgment. Because the notice of appeal was filed on March 11, 2002, it was filed within
the allowable 90-day period of time.

 Accordingly, we do have jurisdiction to consider the appeal and appellees' motion
to dismiss must be, and is, overruled.

 Per Curiam

Publish.
1. Parenthetically, the Texas Supreme Court has declined to address the differences
of opinion in Estrada and Solar as to the necessity of a "live" motion. See Fredonia State
Bank v. General American Life Ins. Co., 881 S.W.2d 279, 282 n.2 (Tex. 1994).