IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00104-CV

 

Augustus Jerome Mayes,

                                                                                    Appellant

 v.

 

Charles O’Reilly,

                                                                                    Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. CAC-04-35566

 



MEMORANDUM  Opinion



 








            Augustus Jerome Mayes, a Texas inmate, sued Charles O’Reilly, an employee of the Texas Department of Criminal
Justice, for breach of contract.  The trial court granted summary judgment in
favor of O’Reilly.  We construe Mayes’s pro se appeal to assert that the trial
court: (1) was not authorized to grant summary judgment; (2) improperly refused
to grant a default judgment; and (3) failed to properly exercise the duties of
his office.  We affirm.

 

SUMMARY JUDGMENT

Mayes argues that the trial court was not
authorized to grant summary judgment because: (1) fact issues exist; and (2)
both he and O’Reilly had filed a jury demand.[1] 
O’Reilly argues that because Mayes did not file a summary judgment response,
his appeal is limited to whether O’Reilly’s motion is insufficient as a matter
of law.

If the non-movant fails to respond to a summary
judgment motion, he is “’limited on appeal to arguing the legal sufficiency of
the grounds presented by the movant.’”  Maddox v. Cosper, 25
S.W.3d 767, 771 (Tex. App.—Waco 2000, no pet.)   (quoting McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993)).  He “may not contend on appeal that there is a disputed
issue of material fact.”  Haynes
v. City of Beaumont, 35 S.W.3d
166, 174 (Tex. App.—Texarkana 2000, no pet.).

Mayes refused to accept service of O’Reilly’s
motion and did not file a response.  His appeal is limited to legal sufficiency
grounds.  See Maddox, 25 S.W.3d at 771; see also Haynes,
35 S.W.3d at 174.  We will not
consider whether fact issues exist that precluded the trial court from granting
summary judgment.  See Haynes, 35 S.W.3d at 174-75.  Because Mayes has not raised the issue, we do
not address whether O’Reilly’s motion is insufficient as a matter of law.  See
Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (an appellate
court cannot address unassigned error); see also Cotton v. Cotton, 57
S.W.3d 506, 509 (Tex. App.—Waco 2001, no pet.) (same).

The trial court did not deprive Mayes of the right
to a jury trial.  The “right to a jury trial in civil cases is not absolute.”  Bliss v. NRG Indus., 162 S.W.3d 434, 437
(Tex. App.—Dallas 2005, pet. denied); Lattrell v. Chrysler Corp., 79
S.W.3d 141, 150 (Tex. App.—Texarkana 2002, pet. denied).  “When a party cannot show a material fact issue,
there is nothing to submit to a jury, and the grant of summary judgment to the
opposing party does not violate the constitutional right to a jury trial.”  Lattrell,
79 S.W.3d at 150; see Bliss, 162 S.W.3d at 437.  Mayes cannot show that
a material fact issue exists; the trial court properly granted O’Reilly’s summary
judgment motion.  See Maddox, 25 S.W.3d at 771; see also Haynes,
35 S.W.3d at 174; Lattrell, 79 S.W.3d at 150; Bliss, 162 S.W.3d
at 437.  We overrule Mayes’s summary judgment challenge.

DEFAULT JUDGMENT

Mayes
challenges the trial court’s failure to grant any of his three motions for
default judgment.  However, O’Reilly filed an original answer and general
denial.  An “original denial shall be presumed to extend to all matters
subsequently set up by the plaintiff.”  Tex. R. Civ. P. 92.  Mayes was not
entitled to default judgment.  We overrule his challenge to the trial court’s
failure to rule on his motions for default judgment.

EXERCISE OF JUDICIAL DUTIES

            Mayes contends that the trial court failed to properly exercise the
duties of his office by holding a telephonic summary judgment hearing, refusing
to grant default judgment, and colluding with the Attorney General’s Office.

“[A]n inmate does not have an absolute right to
appear in person in every court proceeding.”  In the Interest of Z. L. T.,
124 S.W.3d 163, 165 (Tex. 2003).  If the trial
court determines that the “prisoner is not entitled to appear personally, then
the court should permit him ‘to proceed by affidavit, deposition, telephone, or other effective means.’”
 In re Taylor, 39 S.W.3d 406, 412 (Tex. App.—Waco 2001, no
pet.); Boulden v. Boulden, 133 S.W.3d 884, 886-87 (Tex. App.—Dallas
2004, no pet.).  The record does not show that Mayes objected to the telephonic
hearing.  Nor has Mayes presented any reasons justifying his personal
appearance in the trial court.  The trial court’s decision to hold a telephonic
hearing was not improper.

Neither does the record contain any evidence of
impropriety by either the Attorney General’s Office or the trial court.  Mayes points
to a letter, on which he was copied, from the Attorney General’s Office to the trial
court coordinator referencing a prior phone conversation and scheduling of the
telephonic hearing.  This letter appears to be nothing more than normal correspondence
scheduling a hearing.  Nothing in the record substantiates Mayes’s allegations
of collusion.  We overrule Mayes’s challenge to the trial court’s exercise of
his judicial office.

The trial court’s judgment is affirmed.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,                                                      

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed 

Opinion delivered and
filed July 18, 2007

[CV06]









[1]               In his “reply brief,” Mayes states
that O’Reilly omitted “part of the record” that “support[s] factual undisputed
evidence.”








an>                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed on October 24, 2001
Do not publish
[CV06]