

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00785-CV

Maria **TIJERINA** and Tiburcia Holguin,
Appellants

v.

Jose German **GOMEZ**, Jorge Humberto Valadez, Jr. and Sonia Frausto,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 11-05-26518-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 23, 2014

AFFIRMED

Maria Tijerina and Tiburcia Holguin appeal the trial court's judgment concluding that the parties did not enter into a valid contract for the conveyance of real property. The judgment did, however, award Tijerina and Holguin damages for various tort claims. In their brief, Tijerina and Holguin assert several overlapping issues with the crux of the complaints challenging the trial court's: (1) conclusion that no valid contract existed; (2) failure to apply the partial performance exception to the statute of frauds to enforce the parties' oral agreement; (3) finding that Jose

German Gomez was a bona fide purchaser of the property; and (4) failure to enforce the parties' agreement on the basis of promissory estoppel. We affirm the trial court's judgment.

BACKGROUND

Jorge Humberto Valdez, Jr. inherited a house and the surrounding property from his grandfather in 2007. At that time, Tijerina and Holguin had been renting the house from Valdez's grandfather since 1991. Sometime in 2007, Tijerina testified that Valdez's sister, Sonia Frausto, informed her that "they were going to tear down the house because he [Valdez] could not pay the taxes on the house. They owed too many." Tijerina testified that she asked Frausto if they could purchase the house and that Valdez subsequently agreed to sell her the house for $25,000, to be paid by an initial down payment of $1,500, and monthly payments of $400 thereafter until the purchase price was paid in full. Although Valdez prepared a Contract for Deed, the contract was never signed by either party; however, Tijerina produced receipts for the down payment and the monthly payments signed by Frausto as attorney-in-fact for Valdez which referenced the payments being made for the sale of the house at 1339 Taft Street. The down payment was paid in January of 2008, and the receipts evidenced monthly payments made by Tijerina and Holguin through July of 2010.

In May of 2010, Valdez spoke with Tijerina by telephone and informed her that he would need to sell the house because of the debt his grandfather had left. Valdez testified that he contacted Tijerina after receiving notice that the taxing authorities intended to foreclose on the house. The unpaid taxes were for several years, including 2008 and 2009. Although the unsigned Contract for Deed provided that Tijerina would pay the taxes on the house from the date of the contract, Tijerina testified that Frausto had told her she did not need to pay the taxes until she owned the home.

After receiving Valdez's phone call, Tijerina consulted with an attorney who sent Valdez a letter dated May 20, 2010. The letter referred to the "purchase agreement" and stated that Tijerina and Holguin were "willing to come up with the balance owed under the contract within (60) sixty days from your receipt of this letter" in an effort to resolve the matter. In response to the letter, Valdez contacted the attorney by e-mail, informing him that the total amount of the taxes owed was $3,156.84. The attorney responded that Tijerina and Holguin were willing to pay the balance of the purchase price and the property taxes accrued after January 2008, but needed ninety days instead of sixty. Valdez responded that he did not have enough time to pay off the taxes even in sixty days and believed it would be in everyone's interests to sell the property to another party and then settle amongst themselves for partial recovery of the payments Tijerina and Holguin had made. At trial, the attorney testified that Valdez stood firm on the sixty day deadline in their discussions. The attorney also agreed that the last payment Valdez accepted from Tijerina and Holguin was on July 2, 2010, just before the sixty days had expired from the date of the attorney's letter.

Tijerina testified that Valdez called her at the beginning of August to inquire about her paying the balance of the purchase price, but Tijerina told him she needed a few more days. Tijerina testified that she subsequently received another phone call from Valdez during which he informed her that the property had been sold. The record contains documents establishing that Valdez sold the property to Gomez on August 2, 2010.

In October of 2010, Gomez filed a forcible entry and detainer action that was dismissed for want of jurisdiction. In March of 2011, Gomez filed a second forcible entry and detainer action, and a judgment was entered in April of 2011, awarding Gomez possession. Rather than appeal the eviction judgment to county court, Tijerina and Holguin filed a lawsuit in district court in May of 2011, alleging breach of contract, unjust enrichment, and numerous tort claims. After a two day

bench trial in December of 2012, the trial court signed an amended judgment in August of 2013, concluding that the parties had not entered into a valid contract for the conveyance of the property, but awarding Tijerina and Holguin damages for various tort claims. Tijerina and Holguin appeal.

### STATUTE OF FRAUDS AND EXISTENCE OF CONTRACT

Under the statute of frauds, a contract for the sale of real estate "is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West 2009). "This statute requires that, with respect to the agreements defined therein, there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978). "The statute is valid; it is imperative; it is emphatic. Its simple requirement that contracts for the transfer of land be in writing, imposes no hardship." *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921). "Its purpose is both to prevent the perpetuation of fraud and to safeguard the title of lands. It is a rule founded in sound reason and common experience, and is fair and just." *Id*. at 1117.

The elements of an enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; and (5) execution and delivery of the contract with an intent it become mutual and binding on both parties. *Goldman v. Olmstead*, 414 S.W.3d 346, 354 (Tex. App.—Dallas 2013, pet. denied); *Komet v. Graves*, 40 S.W.3d 596, 600 (Tex. App.—San Antonio 2001, no pet.). Whether a particular agreement is a legally enforceable contract is a question of law reviewed de novo. *Crisp Analytical Lab, L.L.C. v. Jakalam Props., Inc.*, 422 S.W.3d 85, 89 (Tex. App.—Dallas 2014, pet. denied); *Bandera Cnty. v. Hollingsworth*, 419

S.W.3d 639, 645 (Tex. App.—San Antonio 2013, no pet.); *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Tijerina and Holguin first contend the trial court erred in concluding that the parties did not enter into a valid contract because the Contract for Deed was a sufficient writing. Because the Contract for Deed was not signed, however, the trial court correctly concluded the Contract for Deed was not a legally enforceable contract. TEX. BUS. & COM. CODE ANN. § 26.01(a); *Goldman*, 414 S.W.3d at 354; *Komet*, 40 S.W.3d at 600.

Tijerina and Holguin next appear to contend that the receipts documenting their payments and referring to the sale of the house at 1339 Taft Street constitute a sufficient writing. As this court has previously held, however, a receipt that fails to state the full amount of consideration given for real property is not a sufficient writing to satisfy the statute of frauds. *See Elizondo v. Gomez*, 957 S.W.2d 862, 864 (Tex. App.—San Antonio 1997, pet. denied). In this case, none of the receipts stated the full purchase price for the sale; therefore, the receipts were not a sufficient writing. *See id.*

Finally, Tijerina and Holguin contend that the Contract for Deed and the receipts should be read together as satisfying all of the elements required for an enforceable contract. Generally, courts may construe documents executed at different times as part of a single, unified instrument even if the instruments do not refer to each other. *Fort Worth Ind. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000). In the specific context of the statute of frauds, however, if the written memorandum consists of multiple documents, the later documents must refer to the earlier ones. *See, e.g., Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972); *Alattar v. Ganim*, 355 S.W.3d 1, 7 (Tex. App.—Houston [14th Dist.] 2010, pet. denied as improvidently granted); *Overton v. Bengel*, 139 S.W.3d 754, 758 (Tex. App.—Texarkana 2004, no pet.); *Crowder v. Tri-C Resources, Inc.*, 821 S.W.2d 393, 396 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Gruss v.*

*Cummins*, 329 S.W.2d 496, 500 (Tex. Civ. App.—El Paso 1959, writ ref'd n.r.e.). As one court has explained:

> The Statute of Frauds is not . . . satisfied by writings or documents not signed by the party to be charged, except where all such writings or documents are incorporated into a writing signed by the party to be charged. What is essential is that the signature of the party to be charged shall authenticate the whole of the writing. It will not be enough to incorporate all into an unsigned writing, or into a writing signed by plaintiff; and it is immaterial that a writing signed by plaintiff refers to a writing signed by defendant. What is necessary, then, is that a writing, so signed by the person to be charged, refer to all writings not so signed that are sought to be made a part of the memorandum.

*Gruss*, 329 S.W.2d at 500. Because the Contract for Deed was not signed by Valdez, and the receipts do not make any reference to the Contract for Deed, the receipts and the Contract for Deed cannot be construed together to satisfy the statute of frauds. Accordingly, the trial court properly concluded that the parties did not enter into an enforceable contract that complied with the statute of frauds.

### PARTIAL PERFORMANCE EXCEPTION

Tijerina and Holguin next contend that the trial court erred in failing to apply the partial performance exception to the statute of frauds. An oral contract for the sale of real estate may be removed from the statute of frauds if the following three requirements are met: (1) payment of consideration; (2) possession by the buyer; and (3) the making by the buyer of valuable and permanent improvements upon the land with the consent of the seller or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. *Hooks*, 229 S.W. at 1116. Neither payment of consideration nor possession alone are sufficient. *Id*. "Each of the three elements is indispensable, and they must all exist." *Id*.

In this case, Tijerina and Holguin clearly paid consideration and were in possession of the property, so the only remaining question is whether they satisfied the third required element.

Tijerina testified about improvements that had been made to the property; however, the following testimony raises questions regarding the timing of the improvements:

> Q.       And these repairs we talked about were made approximately in the last year, two years, approximately.
> A.       About, I'm not sure.  I don't know.  I don't remember.  No, I'm not too sure.

Even if the improvements were made after the verbal agreement was reached, however, no evidence was presented to show that those improvements were made with Valdez's consent. Accordingly, in order to satisfy the third required element of the partial performance exception, Tijerina and Holguin were required to establish the presence of such facts as would make the transaction a fraud upon them if it were not enforced. *See Hooks*, 229 S.W. at 1116.

As the Texas Supreme Court has explained, the partial performance exception applies only for "the prevention of an actual fraud as distinguished from a mere wrong.  . . .  There is no fraud in refusing to enforce a contract where only the consideration is paid.   The value of the consideration may in a law action be recovered." *Id.* at 1116-17.  Therefore, to establish the third required element, Tijerina and Holguin were required to establish "a serious change of position in reliance upon the oral contract over and above the payment of the consideration." *Cowden v. Bell*, 300 S.W.2d 286, 290 (Tex. 1957); *see also Texas Co. v. Burkett*, 296 S.W. 273, 278-280 (Tex. 1927) (holding serious change of position proven by appellee's foregoing sale to another party in reliance on agreement); *Lovett v. Lovett*, 283 S.W.3d 391, 395 (Tex. App.—Waco 2008, pet. denied) (holding serious change of position proven by evidence that appellant moved with his wife from Arizona to Texas and paid three years of ad valorem taxes in reliance on the agreement). "The mere failure to get the benefit of a good bargain is not enough." *Cowden*, 300 S.W.2d at 290.

In this case, Tijerina and Holguin did not produce any evidence of a serious change of position, and Tijerina and Holguin have an adequate remedy in the damages awarded to them by the trial court for their tort claims. *See Hooks*, 229 S.W. at 1117 (noting fraud requirement not met where "consideration may in a law action be recovered"); *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ.) (noting partial performance exception applies where "party relying on the agreement suffers a detriment for which he has no adequate remedy"). Therefore, constrained by the applicable precedent, we must uphold the trial court's implied finding that the facts in this case are not such as would make this transaction a fraud upon Tijerina and Holguin as the term "fraud" has been defined by the Texas Supreme Court for this purpose. Although we recognize the harshness of this result, the Texas Supreme Court has noted, "the relaxation of the statute has [also] been the ground of much perjury and much fraud," and "[t]he effect of [the] relaxation [of the statute of frauds] in what seemed to the courts [to be] hard cases has produced abuses almost as great as would have [the statute's] rigorous enforcement." *Hooks*, 229 S.W. at 1116.

## BONA FIDE PURCHASER

Tijerina and Holguin next challenge the trial court's finding that Gomez was a bona fide purchaser. A bona fide purchaser is one who acquires real property in good faith, for value, and without notice of any third-party claim or interest. *Saravia v. Benson*, 433 S.W.3d 658, 666 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A person's status as a bona fide purchaser is an affirmative defense to a title dispute. *Id.* Because we have upheld the trial court's conclusion that no enforceable contract existed for the sale of the property to Tijerina and Holguin, Tijerina and Holguin do not have any claim or interest in the property. Therefore, we need not resolve whether the evidence supports the trial court's finding that Gomez was a bona fide purchaser because the resolution of that issue is not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1

(providing opinion should be as brief as practicable and address only issues necessary to final disposition of the appeal).

### PROMISSORY ESTOPPEL

Tijerina and Holguin finally contend that the trial court should have applied the doctrine of promissory estoppel to enforce Valdez's promise to sign the Contract for Deed. The primary case cited by Tijerina and Holguin in support of their contention, however, questions whether promissory estoppel is applicable in this context. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982) (asserting party's "attempt to avoid the Statute of Frauds through the 'promissory estoppel' exception must fail, even if the exception is applicable"). Even if promissory estoppel could be applied to avoid the statute of frauds in this context, promissory estoppel must be pled. *See Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 861-62 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Mann v. NCNB Tex. Nat'l Bank*, 854 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ). As the appellees' brief notes, Tijerina and Holguin failed to plead a promissory estoppel theory, and the absence of such a pleading is further supported by the trial court's failure to make any findings as to that theory. Accordingly, this issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice